Spear, J.
The question involved is a simple one and depends upon the proper construction of section 4275, Revised Statutes. That section is as follows: “The property, both real and personal, of a defendant, against whom a judgment is rendered under this chapter, either for fines, costs, or to recover money, or other thing of value, lost or paid, shall be liable therefor, without exemption, and such judgment shall be a lien thereon until paid; if the owner of the building in which the money was lost knowingly permits it to be used for gaming purposes, such building, and the real estate upon which it stands, shall be liable therefor in the same manner; and the guardian or trustee of a minor, insane person, or idiot, who permits any property under his charge to be used for gaming purposes, and the same becomes liable on account thereof, shall be liable to his ward for the amount thereof.”
The concrete question relates to the word “owner.” Does it embrace, within the meaning of this section, one who is a lessee of the building? It was the judgment of the learned judge of the court of common pleas that such lessee is not an “owner” and hence not affected by the statute, and of the learned circuit court that the lessee is, *683 within the meaning of this statute, an “owner.” We are of opinion that the judgment of the circuit, court gives the proper construction to this statute.
One ground urged in support of the action of the trial court upon the motion to strike out is that the statute being in its nature one for a penalty, and being in derogation of the common law, should receive a strict construction. It is not doubted that, as held in Felix v. Griffiths, 56 Ohio St., 39, where by legislation a well established rule of the common law is attempted to be modified or abrogated, the scope should not be extended beyond the plain' import of the words used if reasonable effect can otherwise be given to it. But it is equally well settled, we suppose, that where a statute is designed to give a substantial remedy for an admitted evil, the language should be given a fair construction in order to advance the remedy and correct the evil sought to be abated. That our gambling statutes are of the character above indicated there can be no question, for, by the holding of all the courts which have had the duty imposed to consider the subject for many years gambling has been regarded as a vice to be prevented and suppressed in the interest of the public morals and the public welfare. Nor is there any doubt that the owner of a building in which gambling with his knowledge and acquiescence is carried on may be reached by making his property liable. But the matter of a liberal construction on the one hand or a strict construction on the other does not seem to us as of very great importance in the present case because by either the result would we think be the same. Any intelligent construction of the word “owner” embraces one who is in possession of property by right with the power *684 of control. As given by Bouvier’s Law Dictionary, an owner is one “who has dominion of a thing, real or personal, corporeal. or incorporeal, which he has a right to enjoy and do with as he pleases.” The distinction is recognized that while there can be but one absolute owner of a thing there may be qualified ownership of the same thing, and attention is called to Ohio decisions relating to our mechanic’s lien laws to the effect that the word “owner” includes the possessor of the leasehold as well as the owner of the fee on the ground that any other construction would be subversive of the policy and intent of the act and in a great degree render it useless. See Choteau et al. v. Thompson et al., 2 Ohio St., 114, and Dutro v. Wilson, 4 Ohio St., 101. Like construction was given regarding the .statute as to grade crossings of railroads, where the term “owning the tracks” occurs, in B. & O. Rd. Co. v. Walker, 45 Ohio St., 577. This conception of the substantial meaning of the word “owner” is illustrated in the case of Hemm v. Williamson, 47 Ohio St., 493, where it is applied to our watercraft law. This construction is consistent also with the decision of this court in Mullen v. Peck, 49 Ohio St., 447, and with other adjudications involving our liquor statutes.
It is further contended that the word “owner” in section 4275 should be held to mean only one who has absolute ownership because section 4276 gives to the absolute owner the power to abrogate a lease where the lessee permits gambling. If the word be used to include a lessee, it is insisted, we would, have'a section enacted for the prevention of an evil and another section of the same law prescribing a means of obviating the punishment without affect *685 ing the evil. This means only that circumstances might arise where the aggrieved party might be deprived of a substantial remedy. If the supposition be correct, it would, we think, still fail as an argument. Because under some circumstances there might be a failure of remedy-hardly affords a reason for depriving the injured party of a right to recover under circumstances which do afford a remedy.
It is urged, also, that a lessee cannot be held an owner because his interest being but a chattel interest cannot be the subject of a lien. The trouble with this objection is that the section does not undertake to create a lien on the leasehold interest. It but authorizes the interest to he subjected to payment of the judgment by proper proceeding.
The suggestion that to hold the lessee would be to deprive him of his property without due process of law is sufficiently answered by Mullen v. Peck, supra.
In the present case, Webb leased the building to The Iroquois Company. That company leased a room in the building to Killits & Company. In that room Killits & Company conducted a gambling establishment at which the plaintiff below, Meyer, lost his money at gambling. If the averment of the petition ordered stricken out is true the interest of The Iroquois Company is liable to be subjected to the judgment as well as that of Webb.

Judgment affirmed.

Crew, C. J., Summers, Davis, Shauck and Price, JJ., concur.